UNITED STATES OF AMERICA
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-214-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RAYMOND ELLIS OWENS, | ) | |
| Defendant. | ) | |

This matter is before the court upon the Defendant's Motion to Dismiss Probation Violation [DE-55]. The Defendant, Raymond Ellis Owens ("Owens"), pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) on January 2, 2007. Owens was subsequently sentenced to seventy-one months imprisonment and three years supervised release. On March 2, 2012, the United States Probation Office filed a Motion for Revocation of Supervised Release [DE-32].

Owens now moves to dismiss the revocation proceeding on the grounds that the underlying conviction (felon in possession of a firearm) should be vacated pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). *See* Motion to Dismiss Probation Violation [DE-55] at 4-7. The Government initially moved for a continuance [DE-57] and then filed a motion opposing Owens's motion to dismiss [DE-58]. The court heard these motions on November 5, 2012, the date the court had originally scheduled the revocation hearing. At the hearing, the Government indicated that it had reviewed Owens's Motion to Dismiss Probation Violation [DE-55] and that it agreed Owens was entitled to relief under *Simmons*. The Government therefore withdrew its motion to continue [DE-57] and its motion opposing

Owens's motion to dismiss [DE-58]. The Government also waived any right to notice or right to respond to Owens's challenge to his conviction. The Government then indicated that it had no objection to immediately converting the revocation hearing to a 28 U.S.C. § 2255 hearing in which Owens could challenge his underlying conviction.

The court will ALLOW Owens's Motion to Dismiss Probation Violation [DE-55] and will VACATE Owens's conviction for felon in possession of a firearm. Owens was convicted under 18 U.S.C. § 922(g)(1), which states "it shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition . . . ." Owens contends that the conviction that served as the predicate felony—possession with intent to sell and deliver cocaine—was not "punishable by imprisonment for a term exceeding one year" and thus he was improperly convicted of violating 18 U.S.C. § 922(g)(1).

Pursuant to *Simmons*, the court must review whether Owens himself could have been sentenced to more than one year in prison for the offense of possession with intent to sell and deliver cocaine, given the particular sentencing statute under which he was convicted and any findings the trial court made that could have affected his potential sentence. *Simmons*, 649 F.3d at 242-45. The court may not consider the " 'mere possibility that [Owens's] conduct, coupled with facts outside the record of conviction, could have authorized' a conviction of a crime punishable by more than one year's imprisonment." *Id.* at 244 (quoting *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2589 (2010)).

As explained in *Simmons*, the North Carolina Structured Sentencing Act strictly

2

delineates the sentences an offender may receive. *Id.* at 240-41. In North Carolina, a court determines an offender's sentence by reference to two factors: the class of felony and the offender's prior record level. N.C. Gen. Stat. §15A-1340.13(b). The North Carolina criminal statutes set the class of felony for each crime and provide strict instructions regarding how a sentencing judge is to calculate a defendant's prior record level. § 15A-1340.17(a); §1340.14(f); *Simmons*, 649 F.3d at 240-41. The sentencing judge determines the sentence by reference to a statutory table that matches the prior record level to the class of felony. For class H felonies (the class of felony involved in this case), a judge may not sentence a defendant to more than one year unless the defendant has more than five criminal history points. § 15A-1340.17(c).

The court has reviewed the state court records, and the court agrees with the Government and Owens that Owens could not have been sentenced to more than one year imprisonment. Owens was convicted of possession with intent to sell and deliver cocaine, a class H felony. N.C. Gen. Stat. § 90-90. The sentencing court sentenced Owens to six to eight months imprisonment, which is the presumptive range for a defendant with a prior record level of "II" (two to five criminal history points). N.C. Gen. Stat. § 15A-1340.17(c). The six to eight month sentence conclusively shows that the sentencing judge found that Owens had a prior record level of II because Owens could not have been sentenced in the six to eight month range unless the sentencing judge determined that his prior record level was II. *Id.*; *see also* N.C. Gen. Stat. § 15A-1340.13 (explaining that North Carolina courts are required to follow the ranges provided in the chart in section 15A-1340.17). With a prior record level of II, Owens could not have been

3

sentenced to more than one year in prison for a class H felony.[1] § 15A-1340.17(c).

Thus, § 922(g)(1)'s requirement that a defendant's prior conviction be punishable by more than one year imprisonment has not been met, and Owens's conviction must be VACATED. Because the court is vacating the underlying conviction, the Motion to Dismiss Probation Violation [DE-55] is ALLOWED. Owens is ORDERED to be released from federal custody, subject to pending detainers, if any.

SO ORDERED.

This the 7 day of November, 2012.

JAMES C. FOX
Senior United States District Judge

---

[1] This is so even if the court made findings on the record that aggravating circumstances were present. For a prior record level of II, the aggravated range is eight to ten months. Of course, *Simmons* requires that the court look to what the state court did, not what the state court could have done for a hypothetical defendant. Here, the court sentenced the defendant to the presumptive range, not the aggravated range, which mandates a six to eight month sentence.

4